

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTY JOE CARTER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-1555-P |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Marty Joe Carter, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1989, petitioner was released to parole after serving five years of a 25-year sentence for murder. His release was revoked on April 21, 1993 for an unspecified violation, and petitioner was returned to custody. After serving five more years in prison, petitioner again was released to mandatory supervision in 1998. His release was revoked for a second time on July 25, 2006. In calculating the remainder of his sentence, prison authorities did not credit petitioner for any of the time he spent on release. Petitioner unsuccessfully challenged the denial of these "street time" credits through the prison grievance process and in an application for state post-conviction relief. After exhausting his state remedies, petitioner filed this action in federal district court.

II.

Petitioner raises two broad issues in multiple grounds for relief. Succinctly stated, petitioner contends that: (1) he is entitled to credit on his sentence for the time spent on parole and mandatory supervision; and (2) the retroactive application of time-credit guidelines by Texas prison authorities violates the *ex post facto* clause of the United States Constitution.

Respondent has filed a preliminary response suggesting that this case may be barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on November 30, 2009. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, including the denial of sentence credits, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002). This period is tolled during the pendency of a timely-filed prison grievance,[1] and the pendency of a properly filed motion for state post-conviction relief. 28 U.S.C.

---

[1] Section 501.0081 of the Texas Government Code provides, in pertinent part:

> (a)   The [TDCJ] shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b)   Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

§ 2244(d)(2); *see also Kimbrell*, 311 F.3d at 363-64 (AEDPA statute of limitations tolled during pendency of TDCJ resolution process); *Broadnax v. Dretke*, No. 4-03-CV-0524-A, 2003 WL 22244681 at *3 (N.D. Tex. Sept. 17, 2003), *rec. adopted*, (N.D. Tex. Oct. 21, 2003) (same). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Although it is not clear exactly when petitioner learned that he would not receive credit on his sentence for time spent on parole and mandatory supervision, petitioner filed a grievance challenging the forfeiture of these "street time" credits on or about September 30, 2006. (*See* Prelim. Resp., Exh. A at 4). At the very latest, petitioner was aware of the factual predicate of his sentence credit claim on that date. The court therefore considers September 30, 2006 as the operative date for limitations purposes. The AEDPA statute of limitations was tolled from September 30, 2006 until July 21, 2007, a total of 295 days, while petitioner's grievance was pending, and from June 27, 2008 until November 19, 2008, a total of 146 days, while his state writ was pending. Even allowing for this tolling period, petitioner waited more than a year before filing his federal writ on August 19, 2009.

In an attempt to excuse this delay, petitioner argues that: (1) the law library supervisor at the Middleton Unit gave him incorrect information about the ADEPA statute of limitations; (2) the

---

(1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

(2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).

AEDPA was not available at the Middleton Unit; and (3) it is difficult to conduct legal research at TDCJ facilities. The Fifth Circuit has repeatedly held that an inadequate law library is not a "rare and exceptional" circumstance that warrants equitable tolling of the ADEPA limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000). However, statutory tolling may be justified where a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the AEDPA from prison authorities. *See Egerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003). As the Fifth Circuit noted:

> The State's failure to make available to a prisoner the AEDPA, which sets forth the basic procedural rules the prisoner must follow in order to avoid having his habeas petition summarily thrown out of court, including the newly imposed statute of limitations, is just as much of an impediment as if the State were to take "affirmative steps" to prevent the petitioner from filing the application. The absence of all federal materials from a prison library (without making some alternative arrangements to apprise prisoners of their rights) violates the First Amendment right, through the Fourteenth Amendment, to access to the courts.

*Id.* Thus, if a prisoner is prevented from timely filing a federal habeas petition due to a constitutionally inadequate law library, the AEDPA limitations period does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed . . ." 28 U.S.C. § 2244(d)(1)(B); *see also Egerton*, 334 F.3d at 438-39.

Even if petitioner was given incorrect information about the AEDPA and denied access to the statute while at the Middleton Unit, he was transferred to another TDCJ facility on October 9, 2007. Yet petitioner waited until June 27, 2008, a period of 263 days, before filing an application for state post-conviction relief. After his state writ was denied on November 19, 2008, petitioner

waited until August 19, 2009, a period of 274 days, before seeking federal habeas relief. Clearly, petitioner was not prevented from timely filing this action because of alleged inadequacies at the Middleton Unit law library. *See Lewis v. Quarterman*, Nos. 3-08-CV-1753-P & 3-08-CV-1756-P, 2009 WL 1883424 at *4 (N.D. Tex. Jun. 30, 2009), *appeal filed*, Jul. 23, 2009 (No. 09-10740) (distinguishing *Egerton* from situation where prisoner had "unfettered access to legal materials" during limitations period).

Petitioner further argues that the AEDPA limitations period should be tolled because he was "shuffled" throughout the TDCJ system. Transfers between prison units is a problem frequently encountered by inmates. *See Deaver v. Quarterman*, No. 4-07-CV-0064-Y, 2007 WL 1135342 at *3 n.2 (N.D. Tex. Apr. 17, 2007), *COA denied*, No. 07-10494 (5th Cir. Oct. 15, 2007). Without evidence that petitioner was denied access to a constitutionally adequate law library as a result of these transfers, there is no basis for statutory or equitable tolling.

### RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 13, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE